IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DWIGHT A. WILLIAMS,

          Plaintiff,                      ORDER

v.                                          11-cv-721-slc

RICHARD A. RAEMISCH, DAVID J. MAHONY,
IC SOLUTIONS, SWANSON CL CORPORATION,
CONSOLIDATED FOODS INC.,
CORRECT CARE SOLUTIONS INC.,
CAPT. TEUSCHER, LT. TWOMBLY, LT. PIERCE,
SGT. PRICE, SGT. TURK, SGT. FLERES,
SGT. ELVE, SGT. EDENS, SGT. LINDSLEY,
TRACI ROBERTS, M. STONER,
G. BROCKMEYER, S. KOWALSKI,
DR. WIESSE, NURSE ALLISON and NURSE TAMARA,

          Defendants.

---

On December 22, 2011, this court entered an order directing the United States Marshal to serve defendants Dr. Wiesse and Nurse Tamara with plaintiff's complaint. Now the Marshal has notified the court that it cannot serve defendants Dr. Wiesse and Nurse Tamara because defendant Dr. Wiesse has retired and Nurse Tamara is no longer employed by the Dane County Jail in Madison, Wisconsin.

Unfortunately, I cannot find that the marshal has made a reasonable effort to locate these defendants. The marshal may attempt to locate defendants Dr. Wiesse and Nurse Tamara by contacting their former employer or conducting an Internet search of public records for the defendants' current addresses or both. *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (once defendant is identified, marshal is to make reasonable effort to obtain current address). Reasonable efforts do not require the marshal to be a private investigator for civil litigants or to

use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records.

Also, for plaintiff's information, in *Sellers*, the court of appeals recognized the security concerns that arise when the personal addresses of former or current prison employees are exposed. *Id.* For this reason prison employees often take steps to insure that their personal addresses are not available in public records accessible through the internet. If the marshal is successful in obtaining the defendants' personal addresses, he is to maintain that information in confidence rather than reveal it on the marshals service form, because the form is filed in the court's public file and mailed to the plaintiff after service is effected.

## ORDER

IT IS ORDERED that the U.S. Marshal is to make reasonable efforts to locate defendants Dr. Wiesse and Nurse Tamara and, if his efforts are successful, to serve defendants with a copy of the summons and complaint in this case. If the Marshal is unsuccessful in locating one or both of these defendants despite making reasonable efforts to locate them, he may file an unexecuted return on which he describes the efforts he made.

Entered this 9th day of January, 2012.

BY THE COURT:

PETER OPPENEER
Magistrate Judge